IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIDI OTHMAN MAJD NACIRI,

        Petitioner,

v.                                                  CIV 10-0101 MCA/KBM

RAY TERRY, WARDEN,

        Respondent.

## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner Sidi Othman Majd Naciri's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Motion for Expedited Disposition of Petition for Writ of Habeas Corpus *(Docs. 1, 14)*, and the United States' Motion to Dismiss for Lack of Ripeness and Response to Defendant's Motion for Expedited Disposition *(Docs. 16, 18, 19)*. This matter was referred to me by the District Judge to conduct hearings, if warranted, including evidentiary hearings, and to recommend an ultimate disposition of the case. *Doc. 3*.

Petitioner is a citizen of Morocco who entered the United States as a conditional resident on May 28, 2000. He has been in ICE custody since January 8, 2009. Petitioner filed his § 2241 petition on February 5, 2010. On March 5, 2010, the United States respectfully requested an extension of time to respond to Petitioner's Writ of Habeas Corpus *(Doc. 10)*. As grounds for an extension, the United States acknowledged that Petitioner was set for a hearing before the Immigration Judge ("IJ"), in which the IJ was to consider Petitioner's request for bond and adjudication of his I-751 application. Specifically, the United States stated that "ICE needs additional time for the IJ to decide on the issue of bond. If the defendant is released then this

issue becomes moot." I granted the United States' request.

Petitioner had his hearing before the IJ on April 1, 2010, and was granted bond in the amount of $2,500.00. ICE only then filed an aggravated felony charge against Petitioner possibly as a means to thwart his release from custody because 8 U.S.C. § 1226(c)(1)(B) does not allow for the release of anyone so charged.[1] Petitioner subsequently filed his Motion for Expedited Disposition on April 8, 2010. And the United States filed its Motion to Dismiss for Lack of Ripeness and Response to Petitioner's Motion for Expedited Disposition.

"[T]he REAL ID Act of 2005 eliminated judicial review in habeas of a final order of removal." *Jah v. Attorney General of the United States*, 258 F. App'x 394, 395 (3d Cir. 2007). This Court, however, "retain[s] habeas jurisdiction to examine the statutory and constitutional basis for a detention unrelated to a final order of removal." *Id.* Because Petitioner is proceeding *pro se*, the Court is to construe his pleadings liberally. *Padilla v. Wiley*, 354 F. App'x 344, 346 (10th Cir. 2009); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). In its motion to dismiss, the United States argues that this case is not yet ripe because an order of removal has not been issued.

---

[1] It appears that the new aggravated felony charge of "failure to appear at a hearing" on a felony charge that was later dropped could have been made at the onset of the removal proceedings. That this new charge was filed only after the Immigration Judge granted bond to Petitioner may be an area in which counsel who I am appointing by separate order may wish to explore.

> An alien who would not normally be subject to indefinite detention cannot be so detained merely because he seeks to explore avenues of relief that the law makes available to him. Further, although an alien may be responsible for seeking relief, he is not responsible for the amount of time that such determinations may take. The mere fact that an alien has sought relief from deportation does not authorize the INS to drag its heels indefinitely in making a decision. The entire process, not merely the original deportation hearing, is subject to the constitutional requirement of reasonableness.

*Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003).

Although, in his "form" petition, Petitioner cites to 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001), he is not challenging his detention following a final order of removal. Rather, construing his pleadings liberally, he is challenging the duration of his continued detention pending removal proceedings under 8 U.S.C. § 1226(c). Because *Zadvydas* addresses post-removal detention, it is not directly on point. Thus, the issue remains whether Petitioner has been deprived of his Fifth Amendment right to due process because of the duration of his pre-removal detention. *See Venturo Ascencio v. Holder*, No. 10-139 JB/LFG, *Doc. 12* (D.N.M. April 13, 2010); *Frazer v. Jalicoeur*, No. 10-031 BB/RLP, *Doc. 12* (D.N.M. April 14, 2010); *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003); *Rodrigques v. Holder*, 2010 WL 830929 (M.D. Pa. Mar. 4, 2010) (unpublished opinion); *Alli v. Decker*, 644 F. Supp. 2d 535 (M.D. Pa. 2009); *Prince v. Mukasey*, 593 F. Supp. 2d 727 (M.D. Pa. 2008); *Bah v. Cangemi*, 489 F. Supp. 2d 905 (D. Minn. 2007).

The constitutionality of detention pending removal proceedings under 8 U.S.C. § 1226(c) was addressed by the Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003). In *Demore*, the Supreme Court held that detention of deportable aliens under 8 U.S.C. § 1226(c) is constitutional so long as it is "for the brief period necessary for their removal proceedings." *Id.* at 513. The Court noted, and relied heavily on statistics showing that the average time for completion of removal proceedings at that time was 47 days and a median of 30 days, in 85% of the cases. *Id.* at 529 (citation omitted). The remaining 15% involved cases in which the alien had appealed the decision of the IJ. *Id.* In those cases, the appeal then took an average of four months, with a slightly shorter median time. *Id.*

Although the Supreme Court did not set forth a bright-line rule to determine exactly how long "brief" is, a court could reasonably conclude from the decision that in this case, fifteen

3

months is not considered brief.  Fifteen months in custody is much longer than the usual 47 days

the *Demore* Court characterized as sufficiently "brief" to be found presumptively reasonable.

*See Ly*, 351 F.3d at 271 ("In the absence of a set period of time, courts must examine the facts of

each case, to determine whether there has been unreasonable delay in concluding removal

proceedings. . . . incarceration for one and one-half years as part of a civil, nonpunitive

proceeding when there was no chance of actual, final removal, was unreasonable.").

Accordingly, I recommend that the United States' motion to dismiss, in so far as it seeks

dismissal on the grounds of being premature, be denied.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the United States' Motion and Amended

Motion to Dismiss for Lack of Ripeness *(Docs. 16 & 18)* be **denied**, and that the motion for

expedited disposition *(Doc. 14)* be **granted**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a
copy of these Proposed Findings and Recommended Disposition they may file written objections
with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any
objections with the Clerk of the District Court within the fourteen-day period if that party
wants to have appellate review of the proposed findings and recommended disposition.  If
no objections are filed, no appellate review will be allowed.**

---

_____

UNITED STATES MAGISTRATE JUDGE